In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of CHARLES H. SCHWARTZMAN, an Attorney and Counselor at Law.— Respondent suspended from the practice of the law for one year. We think respondent's

conduct improper. We see no illegal scheme to deprive the society of part of the bonus. The society was not entitled thereto and it never was intended that it should receive any part thereof. We think the receipt of a bonus by the respondent without the knowledge of the society and the splitting of it with President Hoffman was improper because it tended to influence both the respondent and Hoffman in the passing of loans not in the interest of the society but to the profit of respondent. Lazansky, P. J., Young and Hagarty, JJ., concur; Scudder, J., dissents and votes for disbarment, with the following memorandum: The respondent, for a period of about five years prior to June, 1930, was attorney for the New York Mutual Benevolent Society. It was part of his business to receive applications for mortgage loans to be made from the funds of the said society, to make recommendations thereon, with two other officers to pass upon the value of the property offered as security for the loans, and to perform other duties in connection therewith. Without the knowledge of the society the respondent received from borrowers a bonus varying from six to ten per cent of the amount of the loan. This he admits he divided on the basis of one-half or two-thirds with Edward J. Hoffman, the then president of the society. When trouble arose concerning loans he had approved, he admitted to members of the society that there had been an occasional further split with another member of the committee which examined the property and approved the loans. The defense is that he supposed that the society was receiving the money turned over by him to the president. The evidence is to the contrary. His own admissions, the inferences to be drawn from the circumstances, the secret way in which the money was paid in cash and the long period of time covered by the transactions, together with the fact that the respondent heard read and had available to him the treasurer's itemized reports of receipts, which showed no money so received — all these facts convince me that the respondent was splitting fees with the president; partly, as he admits, for the purpose of retaining his position, and in part as an illegal scheme to deprive the society of moneys which, if they belonged to any person other than the respondent, belonged to it. The respondent's whole course of conduct in relation to these transactions is unprofessional and unethical, and should meet with disapproval. It represents deceit and dishonesty constituting misconduct which merits disbarment. His testimony on the trial was untruthful. Kapper, J., dissents and votes to dismiss the charges.